Learned, P. J.
This is a renewal of an action once before tried before a-justice, and where the plaintiff recovered, and the judgment was reversed in-this court. 42 Hun, 892. The views laid down in that decision control us, and must be applied here. There was a warranty and a breach. On being' sued, the defendant offered to consent to a judgment of $-, which was-probably the amount which, in his opinion, was the actual value of the property. This was not accepted, and the plaintiff recovered the whole price. The error in the case consists in this: The defendant was entitled to set off as damages, on the breach of warranty, the difference between the value as the property was represented and the actual value. The thing sold was a hog' slaughtered for market, which proves to be what is called a “ridgling.” The plaintiff showed by some witnesses that they had known of such hogs, and in-some instances had known of such hogs being eaten, and that the llesh was-good. One or two witnesses had known of such hogs being sold; but not, so-far as appeared, when the purchaser knew that the hog was of this character.On the other hand, it was shown that such hogs would not be knowingly bought, and that if the character of the animal was known it was not market-able. By this it was not meant that the animal could not be sold at all; for' one.witness stated its value at some low price for soap-grease. What was-meant was that it could not be sold as pork, to be eaten, if its character was-known. It matters not, then, whether the prejudice against such an animal-is reasonable or not. The injury to the defendant was the same, if through-this prejudice the animal had little or no market value. Nor was the defend-ant under any obligation to dispose of the animal as if it were of the usual-character of pork, and without revealing its true character. To do so would-have been a wrongful act upon his customers. The question was what would-be the value—that is, the marketable value—of such an animal, when its real condition was known to the purchaser. It is not necessary to refer to the particular offers of proof and objections. The case plainly shows that it was-not tried on the rules established in the former decision, but upon the theory' that some persons ignorantly, and perhaps some knowingly, had eaten the1 *76 flesh of “ridglings, ” and had found it palatable. ■ The judgment of the county «court should be affirmed, with costs.
Landon and Ingalls, JJ., concur.